Opinion issued March 27, 2003

 





                                                             
   






In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01103-CV




HARRIS COUNTY APPRAISAL DISTRICT, Appellant

V.

TEXAS GAS TRANSMISSION CORPORATION, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2000-40888
 



CONCURRING OPINION

          I concur in the Court’s judgment and its reasoning. I write solely to observe
that not only our plain-language analysis, but also section 21.02(a) of the Tax Code
(“Tangible Personal Property Generally”), supports our conclusion that the term
“location” in the phrase “does not exist in the form or location described in the
appraisal roll” in section 25.25(c)(3) of the Tax Code means “actual, physical
location.” Tex. Tax Code Ann. §§ 21.02(a), 25.25(c)(3) (Vernon 2002).
          Section 21.02 of the Tax Code provides:
          (a)     [With certain inapplicable exceptions,] tangible personal property is
taxable by a taxing unit if:
 
                    (1)     it is located in the unit on January 1 for more than a temporary
period;
 
                    (2)     it normally is located in the unit, even though it is outside the unit
on January 1, if it is outside the unit only temporarily;
 
                    (3)     it normally is returned to the unit between uses elsewhere and is
not located in any one place for more than a temporary period; or
 
                    (4)     the owner resides (for property not used for business purposes) or
maintains his principal place of business in this state (for property
used for business purposes) in the unit and the property is taxable
in this state but does not have a taxable situs pursuant to
Subdivisions (1) through (3) of this section.

Tex. Tax Code Ann. at § 21.02(a). 
          Section 21.02(a) harmonizes with and further supports our holding that the
authority provided by section 25.25(c)(3) to correct appraisals of tangible personal
property that is only intermittently in the state is “restrict[ed] to those cases in which
property did not physically exist at the appraisal roll location at any time during the
taxable year.” See majority op. at 17.
 
 
 
                                                                        /s/ Evelyn V. Keyes
                                                                        Justice

Panel consists of Justices Hedges, Taft, and Jennings.
A majority of the Justices of the Court voted to consider the cause en banc. See Tex.
R. App. P. 41.2(c).

The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, and Higley.

Justice Keyes, concurring.